UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN P.,[1]

                      Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

<u>DECISION & ORDER</u>

19-CV-0576MWP

## **<u>PRELIMINARY STATEMENT</u>**

Plaintiff Kevin P. brings this action pursuant to Section 205(g) of the Social Security Act , 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits and Supplemental Security Income Benefits ("DIB/SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 1, 2018, this case has been assigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 16).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 9, 14). For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and plaintiff's motion for judgment on the pleadings is denied.

## DISCUSSION

### I.     Standard of Review

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards.  *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted).  Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence."  *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an

analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations (the "Listings");

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform [his or her] past work; and

3

>   (5)   if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II.   The ALJ's Decision

In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. Under step one of the process, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 1, 2013, the alleged onset date. (Tr. 152-62).[2] At step two, the ALJ concluded that plaintiff had the severe impairments of generalized anxiety disorder, depressive disorder, and post-traumatic stress disorder ("PTSD"). (*Id.*). The ALJ also found that plaintiff's alleged impairments of cortical atrophy, lumbar disc herniations, knee pain, and history of alcohol abuse were non-severe. (*Id.*). With respect to plaintiff's mental limitations, the ALJ concluded that they caused only mild limitations in his ability to understand, remember, and apply information, concentrate, persist, and maintain pace, and adapt and manage himself; and moderate limitations in his ability to interact with others. (*Id.*). At step three, the ALJ determined that plaintiff did not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments in the Listings. (*Id.*).

---

[2] The administrative transcript (Docket # 6) shall be referred to as "Tr. ___," and references thereto utilize the internal Bates-stamped pagination assigned by the parties.

4

The ALJ concluded that plaintiff retained the RFC to perform medium work but with certain limitations. (*Id.*). Specifically, the ALJ found that plaintiff could perform work requiring him to sit, stand, and walk for up to six hours during an eight-hour workday, frequently lift and carry twenty pounds, and occasionally lift and carry fifty pounds, climb stairs and ramps, balance, stoop, kneel, crouch, and interact with others, but could not perform work requiring him to work in or around crowds of people, crawl, climb ropes, ladders or scaffolds, or expose him to workplace hazards. (*Id.*).

At step four, the ALJ found that plaintiff was capable of performing his past relevant work as an electro-mechanical technician and instrumentation technician. (*Id.*). In an alternative finding at step five, the ALJ concluded, based upon plaintiff's age, education, work experience, and RFC, that other jobs existed in significant numbers in the national economy that plaintiff could perform, such as hydro pneumatic tester, electronics tester, packaging machine tender, electronic assembler, and inspection. (*Id.*). Accordingly, the ALJ found that plaintiff was not disabled. (*Id.*).

### III. Plaintiff's Contentions

Plaintiff contends that the ALJ's determination that he is not disabled is not supported by substantial evidence and is the product of legal error. (Docket ## 9-1, 15). Plaintiff's principal challenge is that the record does not contain a medical opinion assessing his limitations. (Docket ## 9-1 at 12-16; 15). Thus, plaintiff maintains, the RFC is not supported by substantial evidence because it was formulated based upon the ALJ's own lay opinion, and the ALJ erred by not further developing the record by ordering a post-hearing consultative

examination.  (*Id.*).  Plaintiff also maintains that the ALJ erred by not considering and accounting for his limited ability to maintain attendance.  (Docket # 9-1 at 17-18).

**IV.     Analysis**

The dispute between the parties arises from plaintiff's conceded failure to attend scheduled consultative examinations on two separate occasions.  Recognizing the need for further development of the record, the Commissioner scheduled a consultative examination for plaintiff to occur on July 9, 2015.  (Tr. 610).  Plaintiff was notified of the appointment by letter, and attempts to contact him by telephone to remind him of the appointment were made on July 6 and 7.  (*Id.*).  Despite these efforts, plaintiff did not attend the scheduled evaluation.  (*Id.*).

On July 13, 2015, the case manager contacted plaintiff's attorney's office to advise of the missed appointment and provided the date, time, and location for a rescheduled evaluation.  (Tr. 609).  The case manager stressed the importance of attending the evaluation and warned that failure to attend would result in determination of plaintiff's disability claim based upon the evidence in the record.  (*Id.*).  The case manager also sent letters with this information to plaintiff and his attorney.  (Tr. 609-10).  Attempts were made on July 23 and 24 to contact plaintiff by telephone in order to remind him of the upcoming appointment.  (*Id.*).  Plaintiff did not attend the rescheduled evaluation on July 28, 2015, or explain his failure to attend or reschedule the evaluation.  (*Id.*).

Applicable regulations require claimants to cooperate with the agency's request for medical evidence, including submitting to medical examinations.  *See* 20 C.F.R. § 416.916.  If a claimant fails to attend an evaluation without good cause, the ALJ is required to issue a decision based upon the available evidence.  *See* 20 C.F.R. § 416.918(a); SSA's Hearing,

Appeals, and Litigation Law Manual ("HALLEX") § I-2-5-24A (Oct. 9, 2015).  Examples of "good reasons" for failing to participate include:

> (1) illness on the date of the scheduled examination;
> (2) failure to receive timely notice of the examination;
> (3) receipt of incorrect or incomplete information about the time, place, or physician involved with the examination; or
> (4) death or serious illness in the claimant's immediate family.

20 C.F.R. § 416.918(b).

Based upon the facts of this case, I conclude that plaintiff, having failed without excuse or explanation to attend the consultative examinations, "cannot now prevail based upon a challenge to the adequacy of th[e] record."  *Kratochvil v. Comm'r of Soc. Sec.*, 2009 WL 1405226, *4, 5 (N.D.N.Y. 2009) ("[a] claimant may waive a disability claim by failing to appear for examinations designed to evaluate the claim"); *see*, *e.g.*, *Verge v. Saul*, 2020 WL 5530377, *5 (W.D.N.Y. 2020) ("[p]laintiff's argument is without merit because the [p]laintiff failed to cooperate with the disability process by failing to attend any of the three scheduled consultative psychiatric evaluations as well as the three scheduled consultative internal medicine evaluations despite both [p]laintiff and her attorney receiving notices that complied with the relevant regulations"); *Perrelli v. Comm'r of Soc. Sec.*, 2020 WL 2836786, *5 (E.D.N.Y. 2020) ("[c]ourts in this Circuit have held that where a claimant fails to appear at a scheduled consultative examination without explanation, the ALJ has no further duty to develop the record"); *Ziemoore v. Berryhill*, 2017 WL 5157467, *12 (S.D.N.Y.) ("[w]here claimants have refused to acknowledge, attend, or cooperate at scheduled consultative examinations or have failed to argue that they had good reasons for not attending such examinations, courts have rejected claims that the ALJ failed to develop the record[;] . . . because [plaintiff] had no viable excuse for her absence, any claim that [the ALJ] failed to develop the record is meritless"), *report and*

7

*recommendation adopted by*, 2017 WL 6000608 (S.D.N.Y. 2017); *Lay v. Colvin*, 2016 WL 3355436, *5 (W.D.N.Y. 2016) ("in light of the explicit warning to [p]laintiff's attorney and the complete lack of proposed explanations for [p]laintiff's two absences, there is no cause for remand on this ground"); *Stephens v. Astrue*, 2009 WL 1813258, *8 (N.D.N.Y. 2009) ("[p]laintiff fails to acknowledge that an examination was arranged and fails to argue that she had a good reason for her failure or refusal to attend[;] [a]ccordingly, [p]laintiff's claim that the ALJ failed to develop the record in light of the lack of consultative orthopedic examination reports is unavailing").

    I likewise reject plaintiff's contention that remand is required because the ALJ failed to inquire as to whether plaintiff had good reasons for failing to attend the examinations. (Docket # 9-1 at 16-17). Notably, neither during the administrative hearing nor in his submissions on appeal to this Court has plaintiff proffered any explanation for his failure to attend the evaluations. *See Lay v. Colvin*, 2016 WL 3355436 at *5 (ALJ was not required to determine reason for missed evaluations; "in light of the explicit warning to [p]laintiff's attorney and the complete lack of proposed explanations for [p]laintiff's two absences, there is no cause for remand on this ground").

    Equally unavailing is plaintiff's suggestion that the ALJ erred by failing to "address or incorporate [p]laintiff's obvious attendance issues into the RFC." (Docket # 9-1 at 17-18). Plaintiff relies upon his discharge from treatment programs due to poor attendance, as well as his failure to attend the consultative examinations, to support his contention that he suffers from attendance limitations. (*Id.*). The ALJ's decision makes clear that he explicitly considered each of these events in his determination. *See* (Tr. 158-59 (citing Tr. 610, 678, 730)).

8

## **CONCLUSION**

This Court finds that the Commissioner's denial of DIB/SSI was based on substantial evidence and was not erroneous as a matter of law.  Accordingly, the ALJ's decision is affirmed.  For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 14)** is **GRANTED**.  Plaintiff's motion for judgment on the pleadings **(Docket # 9)** is **DENIED**, and plaintiff's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        December 8, 2020